Renée L. Campbell, Esq.  State Bar 104020
Edi M. O. Faal, Esq.  State Bar No. 107477
Law Offices of Renée L. Campbell
1055 West 7th Street, Suite 2140
Los Angeles, CA  90017
Telephone:  (213) 534-0344
Facsimile:  (213) 534-0347

Attorneys for Plaintiff Danny Adams

Roger A. Colvin, Esq. State Bar No. 68773
Sharon Apodaca, Esq. State Bar. No. 213798
Alvarez-Glasman & Colvin
13181 Crossroads Parkway North
Suite 400, West Tower
City of Industry, CA 91746
Telephone:  (562) 699-5500
Facsimile:  (562) 692-2244

Attorneys for Defendants
City of Montebello, Police Officer Sergio Andrade
and Detective Sean Hoffman

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ADAMS,<br><br>    Plaintiff,<br><br>  v.<br><br><br>THE CITY OF MONTEBELLO; Police Officer SERGIO ANDRADE ; Detective SEAN HOFFMAN; and DOES 1 through 10, all in their official and individual capacities, inclusive,<br><br>    Defendants. | Case No.: CV 08-7778-GW(OP)<br>*Honorable George H. Wu*<br><br>PROTECTIVE ORDER RE:<br>DISCLOSURE OF CONFIDENTIAL INFORMATION |

1    The following Stipulation is made by Plaintiff Danny Adams, on the one

2    hand, and Defendants City of Montebello, Corporal Sergio Andrade, and

3    Detective Sean Hoffman (collectively, "Defendants"), on the other hand, by and

4    through their respective counsel of record.

5    WHEREAS Plaintiff has served Defendants with a Notice of Deposition of

6    Corporal Sergio Andrade.

7    WHEREAS said Notice of Deposition calls for the production of

8    information from the confidential personnel files of Corporal Andrade and

9    Detective Hoffman consisting of documents and correspondence discussing,

10   explaining, outlining, or otherwise referring to any reprimand, disciplinary action,

11   or oral or written comment concerning the use of excessive, improper, or unlawful

12   force, threats, or intimidation by Corporal Andrade or Detective Hoffman (the

13   "Confidential Information").

14   WHEREAS the parties have agreed that the Confidential Information

15   should be produced pursuant to a Protective Order.

16   WHEREAS the parties jointly propose that the following terms apply to any

17   Confidential Information produced in response to the aforementioned Notice of

18   Deposition:

19   1.    Under no circumstances shall Confidential Information be used in

20   any proceeding other than the instant case or be disseminated, in any form, except

21   by court order.

22   2.    Under no circumstances shall Confidential Information either orally,

23   or by written form, be inputted into any computer program or database or listed

24   manually in any manual, notebook or other listing as it pertains to law

25   enforcement personnel.  This does not apply to any computer program or case file

26   maintained specifically as to this civil action.

27   3.    Disclosure of Confidential Information shall be limited to the

28   personnel and/or classification of persons listed below:

2

(a)  Counsel for any party to this action;

(b)  Staff personnel employed by counsel for any party;

(c)  The court and its personnel, in connection with this litigation;

(d)  Experts or consultants retained to work on this case by counsel for any party to this case; and,

(e)  Investigators retained by counsel for any party to this case, as indicated above.

4.      Plaintiff's counsel shall not provide to the Plaintiff, either orally or in writing, the addresses and telephone numbers of persons identified within the confidential information, but may discuss the information obtained from any investigation conducted with complainants or witnesses.

5.      Counsel for any party to this action shall advise those individuals to whom disclosure of Confidential Information is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order.  In the event such individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information will be made to such individual.

6.      Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to Confidential Information in any other court proceeding subject to further order of this court.

7.      Except for documentation filed under seal by the court, all originals and copies of the Confidential Information shall be returned to counsel for the Montebello Police Department at the Montebello City Attorney's Office, 13181 Crossroads Parkway North, Suite 400, West Tower, City of Industry, CA 91746.

8.      This Protective Order, and the obligations of all persons hereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the

court.

9.     Nothing in this Protective Order is intended to prevent officials or employees of the Montebello Police Department, or other authorized individuals from having access to Confidential Information to which they would have had access in the normal course of their duties.

10.     Violation of this court order may subject counsel and others to criminal and civil penalties.

DATED:  January 28, 2010          LAW OFFICES OF RENÉE L. CAMPBELL

Signed:  /s/ Renée L. Campbell____
                    Attorney for Plaintiff Danny Adams

DATED:  January 28, 2010          ALVAREZ-GLASMAN & COLVIN
                                                      ARNOLD M. ALVAREZ-GLASMAN
                                                      CITY ATTORNEY

Signed:  /s/ Sharon Apodaca
                    ROGER A. COLVIN
                    SHARON APODACA
                    Attorneys for Defendants CITY OF
                    MONTEBELLO, OFFICER SERGIO
                    ANDRADE, AND DETECTIVE SEAN
                    HOFFMAN

IT IS SO ORDERED.

Dated:   March 16, 2010          _____

                                                OSWALD PARADA MAGISTRATE JUDGE